**1256**

Paul W. KIBBY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 70 C 484(A).

United States District Court,
E. D. Missouri, E. D.

May 26, 1972.

———————

Merle L. Silverstein, St. Louis, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

HARPER, District Judge.

On September 23, 1970, petitioner filed a motion under 28 U.S.C.A. § 2255 to vacate judgment and sentence imposed by this Court on June 3, 1966. The petitioner alleged as his basis for relief the perjury of two government witnesses, Dudley Brown and Richard Patch, and entrapment. On November 23, 1970, the Court filed its memorandum and order denying petitioner's said motion, and thereafter, on February 4, 1971, the petitioner filed a notice of appeal. On the same date, the petitioner's notice of appeal, together with certificate of docket entries, were delivered to the Clerk of the Eighth Circuit Court of Appeals. On September 29, 1971, the Court of Appeals for the Eighth Circuit remanded said cause to this Court.

The pertinent part of the Court's opinion is as follows:

"We remand the case for plenary hearing on the alleged use of perjured testimony of both Brown and Patch. The alleged perjury is not clearly shown by the record nor are we finding that the testimony was perjurous, but the facts now known to us call for an examination of the issue of the use of perjured testimony.

"Another panel of this court in United States v. Charles R. Stewart, No. 20,641, 8th Cir., August 4, 1971," (445 F.2d 897) "has remanded the case of Charles R. Steward who was convicted along with Kibby. It is felt that both of these post-conviction proceedings can be handled in one hearing as the same government witnesses are involved."

The Eighth Circuit Court of Appeals thereafter on October 4, 1971, remanded the cause of Carl McFadden v. United States (71–1397) to be handled at the same hearing with the Kibby and Steward cases.

This Court issued a writ and Charles R. Steward, Paul W. Kibby and Carl McFadden were returned to this Court for the hearing. Upon their return, it was ascertained that Charles R. Steward was represented by Attorneys Harry Roth and Samuel Raban, but that Paul W. Kibby and Carl McFadden had no attorneys. In the original trial of each of these petitioners they were represented by Harry Roth. Upon the return of these three, the Court appointed Harry Roth to represent Paul W. Kibby and Carl McFadden, since he had represented each at the trial. Before appointing Attorney Roth, the Court discussed with him the question of any possible con-

flicts, and he indicated to the Court that there were none and he would accept the appointment. The Court was informed by Mr. Roth that he would immediately get in touch with each of these petitioners Kibby and McFadden.

Two days later he came to the Court and asked to be relieved because his client, Stewart, on whose behalf he was being paid a fee, insisted that he not represent Kibby and McFadden. The Court at that point relieved Mr. Roth of his appointment as attorney for the petitioners Kibby and McFadden and appointed a separate attorney for each of them.

The three cases were set for hearing, and for the purpose of the hearing the Stewart, Kibby and McFadden cases were consolidated by agreement for hearing. The evidence presented was to some extent applicable to all three cases, though part of it only applied to each particular case. The witness, Dudley Brown, who was at the time of the hearing incarcerated in a State of Missouri penal institution, was returned by a court writ to testify at the hearing. An attorney was appointed for him to give him advice, and he did not testify until after he had consulted with his court-appointed attorney.

This Court will not in this memorandum, in accordance with the agreement to consolidate as to the hearing, attempt to cover the testimony offered at the hearing except as it pertains to this petitioner, and will deal separately with the testimony with respect to McFadden and Stewart in the memoranda which will be filed in each of those cases. [McFadden v. United States, D.C., 343 F.Supp. 402; United States v. Stewart, D.C., 344 F.Supp. 1250].

Insofar as the petitioner Kibby is concerned, a part of the testimony of Dudley Brown, Narcotic Agent Edwin L. Stamm, Narcotic Agent William Clark, and Plaintiff's Exhibits 1 (Copy of 1–A), 1–A, 4 (Copy of 4–A), and 4–A, primarily pertain to the petitioner's case. The testimony of Dudley Brown, and Plaintiff's Exhibit 1–A (the statement of Dudley Brown given to Narcotic Agent Clark and Inspector Walter Yates at the Missouri Training Center for Men in Moberly, Missouri, on May 13, 1970) are about the same, both the testimony and the statement being very rambling, saying one thing at one time and then later changing it.

He testified at the hearing that before he testified in the Kibby case he read the statements (Exhibit 4) with respect to the three sales which Kibby was charged with making; that the statements could have been signed in blank before the trial; that before the trial he had a recollection of the transactions; that he probably remembered the transaction dates then, but didn't know; that he thought Patch was in the house on September 28, 1965, in the back bedroom on the second floor; that Patch could hear but not see what was going on; that sometimes before Kibby came Patch searched him and sometimes he didn't; that he didn't specifically recall September 28th, but as to Kibby, when he said there was a $150.00 transaction, that he never had a $150.00 transaction with Kibby; that on the day of the trial before he testified he read over the three statements and testified according to the statements, not memory; and that at the time of the trial he was an addict and had been going to the hospital for treatment.

On cross-examination, Brown stated that something was left off the statement given in Moberly (Exhibit 1–A); that it was not a correct copy. He admitted his signature on the various statements (Exhibits 1–A and 4–A); that with respect to Exhibit 4–A, the signature on each of the three pages which was witnessed by Edwin L. Stamm, he could not say whether Stamm was present; that with respect to 4–A he could not say whether any of them were signed in blank or not, as he signed one or two in the office and the rest were signed at home; that with respect to the third page of Exhibit 4, which deals with Kibby, that he did get stuff, but there was not $150.00 in-

volved; that he told the agents who interviewed him at Moberly that he purchased heroin more than once from Stewart, Kibby and McFadden; that he did not remember the details of the purchase and was not one hundred percent positive but it could be true with respect to Exhibit 4, which was three statements with respect to Kibby (the third includes Stewart, but is not the count on which Stewart was found guilty.)

He further testified that the Stewart sale of March 22, 1966, was the only one that he put down where the sale was not made; that it is the only one which is false; that the other sales (to Kibby and McFadden) are true to the best of his knowledge and belief.

Brown denied that Plaintiff's Exhibit 1 was the statement that he signed. He claimed that the pages are shorter than what he had signed and that they had been cut off. As a result of this allegation, the hearing was recessed and the original statement was obtained and marked Plaintiff's Exhibit 1–A. Brown testified that like Exhibit 1, this was not the statement he signed, as the one he signed had long pages and they had been cut off. He admitted that the signature at the bottom of each page of Exhibit 1–A was his. An examination of Exhibit 1–A discloses that the paper has not been cut.

Examining the contents of Exhibit 1–A (Brown's statement taken at Moberly) with respect to Exhibit 4, he in part said at page 3:

"In regard to the first document" (p. 1) "it could have happened that way, but I do not specifically remember. I do not remember the details. In regard to Document No. 2" (p. 2) "it is quite possible it happened, but I do not remember precisely. The third document" (p. 3) "is not true * * *. I remember getting a little stuff, but nowhere that amount of stuff or money. I know there was no $450.00 involved. I don't remember the details, but it didn't happen that way. I don't know which one of the three I got the stuff from that day."

He further said on page 3:

"I have purchased heroin from each of them, that is, McFadden, Stewart and Kibby, on one or more occasions, but not necessarily under the supervision of Agent Patch or any other agent. I do not remember the details of these purchases."

On page 5 he said:

"Most of the purchases I made for Patch were made in my home and Patch was usually hiding in my back bedroom."

And on page 6 he said:

"As previously noted in this statement, there are a lot of details that I do not remember about the purchase of drugs that I made for former Agent Patch. However, I have purchased drugs at one time or another from everyone mentioned in this report, that is, McFadden, Stewart, Kibby. I have purchased drugs from Stewart on one or more occasions in the past, but I did not purchase drugs from Stewart on March 22, 1970. While I was working for Patch, Stewart was the only one that was put down as making a sale who really did not sell the drugs that I turned over to Patch. In other words, he is the only one in which the details of the sale are completely false. The others do have some basis of truth, at least to the best of my knowledge and belief."

Edwin L. Stamm testified that he witnessed Dudley Brown's signature to the three pages of Plaintiff's Exhibit 4–A and that at the time they were signed in his presence by Dudley Brown they were fully typed out and in the same condition as they were when introduced before the Court.

To summarize, in Brown's statement to the narcotic agents and his testimony at the hearing, Stewart is the only one he attempts to exculpate. His testimony is of no significance with respect to the allegations of perjury set out in the petition of Kibby.

It was stipulated that Agent Patch was discharged from the service for misconduct on May 23, 1969, which was approximately three years after the trial of the petitioner.

The Court will not go into details of some of the other aspects of Brown's testimony which will be more fully developed in the Stewart and McFadden opinions. Brown's testimony does not refute his testimony given in the original trial with respect to this petitioner Kibby.

There being no merit to the petitioner's claim that he was convicted by perjured testimony, it is the Court's opinion that its original ruling that there is no merit to petitioner's motion is proper, and the order entered in this cause on November 23, 1970, will stand as entered.